IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ERIC HARRIS, | § | |
| | § | No. 281, 2020 |
| Defendant Below, | § | |
| Appellant, | § | |
| | § | Court Below–Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1610002540 (N) |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 7, 2020
Decided: October 12, 2020

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

### **ORDER**

Upon consideration of the notice to show cause and appellant's response thereto, it appears to the Court that:

(1) On August 28, 2020, the Court received a notice of appeal from the Superior Court's September 22, 2017 sentencing order. Under Supreme Court Rule 6(a)(iii), a timely notice of appeal had to be filed on or before October 23, 2017.[1]

(2) On August 31, 2020, the Senior Clerk issued a notice directing the appellant, Eric Harris, to show cause why his appeal should not be dismissed as untimely filed under Supreme Court Rule 6. Harris has submitted several documents

---

[1] Because the thirtieth day fell on Sunday, October 22, 2017, the notice of appeal was due the next business day—Monday, October 23, 2017.

in response to the notice to show cause alleging that he is entitled to immediate release from prison for various reasons. The documents do not show cause why the Court should accept the untimely appeal.

(3) Time is a jurisdictional requirement.[2] A notice of appeal must be received by the Court within the applicable time period to be effective.[3] Unless an appellant can demonstrate that the failure to file a timely notice of appeal is attributable to court-related personnel, the appeal cannot be considered.[4] An appellant's prisoner *pro se* status does not excuse a failure to comply strictly with the jurisdictional requirements of Supreme Court Rule 6.[5]

(4) Harris does not contend, and the record does not reflect, that his failure to file a timely notice of appeal is attributable to court-related personnel. Consequently, this case does not fall within the exception to the general rule that mandates the timely filing of a notice of appeal, and this appeal must be dismissed.

NOW, THEREFORE, IT IS HEREBY ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED. The motion for appointment of counsel is moot.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[2] *Carr v. State*, 554 A.2d 778, 779 (Del.), *cert. denied*, 493 U.S. 829 (1989).
[3] Del. Supr. Ct. R. 10(a).
[4] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).
[5] *See Smith v. State*, 47 A.3d 481 (Del. 2012).